UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED UNDER SEAL** |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| ALL FUNDS ON DEPOSIT IN HSBC BANK | ) | |
| CAUSEWAY BRANCH, WANCHAI, HONG | ) | |
| KONG, ACCOUNT NUMBER 809345143-838, | ) | |
| HELD IN THE NAME OF L&M EXPORT ELIS | ) | |
| COMPANY LIMITED; | ) | |
| | ) | |
| ALL FUNDS ON DEPOSIT IN HANG SENG | ) | |
| BANK LTD, ACCOUNT NUMBER | ) | |
| 262-348188-201, HELD IN THE NAME OF | ) | |
| HARRY CHAN & CO., LTD; | ) | |
| | ) | |
| ALL FUNDS ON DEPOSIT IN WING HANG | ) | |
| BANK LTD, ACCOUNT NUMBER 704953-060, | ) | |
| HELD IN THE NAME OF MENTEX GLOBAL | ) | |
| LIMITED; and | ) | |
| | ) | |
| HSBC BANK HONG KONG, ACCOUNT | ) | |
| NUMBER 015665979838, HELD IN THE | ) | |
| NAME OF BAOLICAI OVERSEAS | ) | |
| OFFSHORE CO., LTD, | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by the undersigned attorneys, in a civil action of forfeiture

pursuant to Title 18, United States Code, Sections 981 and 984, and Title 21, United States Code,

Section 881, alleges that:

1.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and

1355(a).  Venue is appropriate in this district pursuant to 28 U.S.C. § 1395.

2.    The defendant property consists of the following:

a.    All funds on deposit in HSBC BANK CAUSEWAY BRANCH,

WANCHAI, HONG KONG, Account Number 809345143-838, held in the name of L&M EXPORT ELIS COMPANY LIMITED;

b.   All funds on deposit in HANG SENG BANK LTD, Account Number 262-348188-201, held in the name HARRY CHAN & CO., LTD;

c.   All funds on deposit in WING HANG BANK LTD, Account Number 704953-060, held in the name of MENTEX GLOBAL LIMITED; and

d.   All funds on deposit in HSBC BANK HONG KONG, Account Number 015665979838, held in the name BAOLICAI OVERSEAS OFFSHORE CO., LTD,

(collectively, the "Defendant Properties").

3.   As detailed in the Affidavit of United States Drug Enforcement Administration

Special Agent Brian DeJoy, attached hereto and incorporated by reference as Exhibit A (the

"DeJoy Affidavit"), the Defendant Properties:

a.   are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984, as they constitute real or personal property involved in tranasctions or attempted transactions in violation of of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A), 1956(a)(2)(B)(i), 1956(a)(3)(B), and 1957(a), all in the course of, and in furtherance of, a money laundering conspiracy in violation of 18 U.S.C. § 1956(h), or property traceable to such property, or fungible property that was found in the same account as the property involved in such violations;

b.   are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984, as they constitute property, real or personal, which constitutes or is derived from proceeds traceable to offenses constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), incorporating 18 U.S.C. § 1961(a), including the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance, punishable under any law of the United States, and conspiracies to commit such offenses, or fungible property that was found in the same account as the property involved in such violations; and

        c.      are subject to forfeiture to the United States pursuant to 21 U.S.C. §
881(a)(6) and 18 U.S.C. § 984, as they constitute moneys, negotiable
instruments, securities, and other things of value furnished or intended to
be furnished by any person in exchange for a controlled substance in
violation of the Controlled Substances Act, or proceeds traceable to such
an exchange, or fungible property that was found in the same account as
such property, and/or moneys, negotiable instruments, and securities used
or intended to be used to facilitate violations of the Controlled Substances
Act, or fungible property that was found in the same account as the
property involved in such violations.

4.     Title 18, United States Code, Sections 981(b)(1) and (2) authorize seizure of

property subject to civil forfeiture pursuant to warrants obtained under the Federal Rules of

Criminal Procedure. Section 981(b)(3) further provides, explicitly, that:

Notwithstanding the provisions of rule 41(a) of the Federal Rules of Criminal Procedure,
a seizure warrant may be issued pursuant to this subsection by a judicial officer in any
district in which a forfeiture action against the property may be filed under section
1355(b) of Title 28, and may be executed in any district in which the property is found, or
transmitted to the central authority of any foreign state for service in accordance with any
treaty or other international agreement.

5.     Title 28, United States Code, Section 1355(b)(1)(A) provides that a forfeiture

action or proceeding may be brought in any district "in which any of the acts or omissions giving

rise to the forfeiture occurred." As detailed in the DeJoy Affidavit, acts giving rise to the

forfeitures alleged in this affidavit occurred in Massachusetts including, among other things,

most of the telephone, email, and Internet communications, and many of the wire transmissions

of actual and purported drug proceeds from Massachusetts banks to the target accounts pursuant

to directions provided the drug operation conspirators. It is well established that conspiracies and

other "continuing offenses" may be charged in any district in which any act in furtherance takes

place. Title 18, United States Code, Section 1956(i) provides that money laundering transactions

involving transfers of money from one place to another by wire or any other means are "single,

3

continuing transaction[s]" and may be charged in any district in which any portion of the transfer

transaction is conducted, incorporating section 1956(c)(2), which provides that "conducts"

includes initiating, concluding, and participating in initiating and concluding the transaction.

6.      Accordingly, because acts that are bases for the forfeitures alleged in this affidavit

occurred in Massachusetts, this Court has jurisdiction to issue warrants for the forfeitable

property located outside of Massachusetts, including property located in Hong Kong.

WHEREFORE the United States of America prays:

1.      that a Warrant and Monition, in the form submitted herewith, be issued to the

United States Marshal for the District of Massachusetts commanding him,

pursuant to Supplemental Rule G of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions, to seize and retain custody of the

Defendant Properties and to give notice to any interested persons to appear and

show cause why the forfeiture should not be decreed;

2.      that a judgment of forfeiture be decreed against the Defendant Properties;

3.      that thereafter the Defendant Properties be disposed of according to law; and

4.    for costs and all other relief to which the United States may be entitled.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:

Mary B. Murrane
Neil J. Gallagher, Jr.
Assistant U.S. Attorneys
John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts  02210
Date: January 6, 2012          Telephone: (617) 748-3100

## Verification

I, Brian DeJoy, Special Agent, United States Drug Enforcement Administration, state that I have read the foregoing Verified Complaint for Forfeiture in Rem and my attached Affidavit, and the contents thereof are true to the best of my knowledge, information, and belief.

Brian DeJoy
Special Agent
Date: January 6, 2012          U.S. Drug Enforcement Administration

Commonwealth of Massachusetts

Suffolk, ss.                                          Boston, Massachusetts

On this 6th day of January, 2012, before me, Lisa J. Talbot the undersigned notary public, personally appeared Brian DeJoy, provided to me through satisfactory evidence of identity, which was federal identification to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her knowledge and belief.

Lisa J. Talbot
Notary Public
My commission expires: May 13, 2016

5

LISA J. TALBOT
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
May 13, 2016